**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, et al., | No. CV-17-00496-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Kroger Company, et al., | |
| Defendants. | |

On June 11, 2018, the Court granted Defendants a Protective Order and directed that depositions involving the presence of Richard Shupe should be performed in the United States District Courthouse.

Since then, Plaintiffs have sought to schedule the deposition of Dunn and Idouraine, both Kroger pharmacy employees. Plaintiffs also filed a Motion to Compel discovery, which they previously asserted was necessary before these depositions could be conducted. (Ps' Response to Notice of No Court Reporter at Deposition (Doc. 55) at 1.)

The Defendants have contacted the Court to schedule depositions. Defendants also filed a Motion for Summary Judgment because Plaintiffs failed to disclose an expert opinion, due on May 15, 2017, to support their claims of gross negligence and professional malpractice, which both require a showing by Plaintiffs that Kroger employees "failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider" in the pharmaceutical profession acting in the

same or similar circumstances and that "such failure was a proximate cause of the injury." A.R.S. § 12-563.

The deposition of Lynda Idouraine supports Defendants' Motion for Summary Judgment and, therefore, must be taken prior to Plaintiffs filing a Response. There may also be other discovery sought by Plaintiffs in the Motion to Compel that is necessary to enable Plaintiffs to file a Response to the Motion for Summary Judgment.

The Court notes that taking depositions in this case in the United States Court House is burdensome on the Court. In order to alleviate the extent of this burden, the Court orders the parties to identify in their briefs related to the Motion to Compel the discovery that is relevant to the Response to the Motion for Summary Judgment.

Plaintiffs' Response to the Motion for Summary Judgment will be due 30 days following the deposition of Idouraine, which may be reset following this Court's ruling on the Motion to Compel. Plaintiffs' Reply in support of the Motion to Compel shall identify the discovery at issue relevant for Plaintiffs to file a Response to the Motion for Summary Judgment, and explain its relevancy. Plaintiffs shall identify the depositions they seek to conduct. The Defendants may file a Sur-Reply; Defendants shall identify the depositions they seek to conduct.

The Court notes that on March 7, 2018, this Court issued the Scheduling Order for discovery to begin and to end on August 15, 2018. Any extension of the time for discovery shall be granted only for the purpose of resolving and/or completing any discovery at issue in the Motion to Compel.

**Accordingly,**

**IT IS ORDERED** that the Plaintiffs' Response to the Motion for Summary Judgment will be due 30 days following the deposition of Idouraine, which may be reset following this Court's ruling on the Motion to Compel.

**IT IS FURTHER ORDERED** that the parties shall identify in their briefs related to the Motion to Compel the discovery that is relevant to the Response to the Motion for Summary Judgment.

**IT IS FURTHER ORDERED the** Plaintiffs' Reply in support of the Motion to Compel shall identify the discovery at issue relevant for Plaintiffs to file a Response to the Motion for Summary Judgment, and explain its relevancy. Plaintiffs shall identify the depositions they seek to conduct.

**IT IS FURTHER ORDERED** that the Defendants may file a Sur-Reply; Defendants shall identify the depositions they seek to conduct.

**IT IS FURTHER ORDERED** that any extension of time for discovery shall be granted only for the purpose of resolving and/or completing any discovery at issue in the Motion to Compel.

Dated this 18th day of June, 2018.

_____
Honorable David C. Bury
United States District Judge