**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, et al., | No. CV-17-00496-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Kroger Company, et al., | |
| Defendants. | |

Plaintiffs filed this Complaint on October 5, 2017, and filed a Second Amended Complaint (Doc. 15) on December 4, 2017. Plaintiffs have repeatedly attempted further amendment without complying with Local Rule 15.1, which requires that changes be clearly identified to facilitate comparison between the current pleading and proposed changes. The most recent proposed amendment, Motion for Leave to Amend Complaint (Doc. 43) was filed on May 1, 2018. The Motion expressly stated: "The Plaintiff's amended complaint is virtually unchanged, with the exception of the removal of Defendant Rocha, and Jane Doe; neither of which, serve to change the gravamen of the Plaintiffs' complaint." The Court denied the motion because these parties were already removed from the action by prior amendment.

On May 18, 2018, Plaintiffs filed a Motion for Reconsideration, complaining that they "don't understand what the Court is seeking." They inform the Court that they have filed several actions in this District Court and made numerous amendments, without having been asked to comply with the local rule for amending pleadings. They fear they

will "suffer serious consciences (sic), due to the uncured defects in their complaint," if they are not allowed to amend it. (Motion for Reconsideration (Doc. 47) at 4).

The Plaintiffs' first motion confused the Court by stating that it was being proposed to remove Rocha and Doe. The Court did not understand what the Plaintiffs were seeking. Upon reconsideration, it now appears that the proposed amendment is to replace the claim of "gross negligence" with "negligence," remove "professional negligence" and replace it with negligent infliction of physical distress as to Richard Shupe and negligent physical distress as to Maria Shupe. Perhaps, the Plaintiffs seek to avoid Arizona's medical malpractice act, A.R.S. 12-561 *et seq. See also,* (Defendants' Motion for Summary Judgment (Doc. 60) (explaining that A.R.S. § 12-563 requires Plaintiffs to present evidence that Fry's failed to exercise that degree of care, skill and learning expected of a reasonable prudent health care provider in the relevant profession), *but see* Fed. R. Civ. P. 26(a)(2) (requiring same). The Court will not guess.

On June 15, 2018, the Plaintiffs filed a Motion for Clarification, asking the Court to rule on the Motion for Reconsideration because they want to seek a writ of mandamus, pursuant to constitutional grounds of right of access to the Courts. (Doc. 68.)

The Court has reviewed the proposed Third Amended Complaint and finds that generally its states the same facts against the same Defendant. The Defendants have filed a Motion for Summary Judgment which challenges the Plaintiffs' ability to prove negligence because Plaintiffs have failed to secure any expert medical opinion that Defendant breached the standard of due care. The Plaintiffs have filed a Motion to Compel, which is being simultaneously briefed with the summary judgment motion. The Court is inclined to allow the amendment and does not believe that it will delay the briefing schedule set out for the Motion for Summary Judgment or for the Plaintiffs' Motion to Compel and will not delay the case.

Before granting reconsideration, the Court must afford Defendant an opportunity to be heard. LRCiv. 7.2(g).

**Accordingly,**

**IT IS ORDERED** that the Defendants shall have 14 days from the filing date of this Order to file a Response to the Motion for Reconsideration. There shall be no Reply.

Dated this 19th day of June, 2018.

_____
Honorable David C. Bury
United States District Judge